UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Sagoes, | ) | C/A No. 5:15-cv-02888-HMH-KDW |
|           Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| J. Meeks, | ) | |
|           Respondent. | ) | |

Anthony Sagoes ("Petitioner") is a federal inmate, currently incarcerated at FCI-Williamsburg in Salters, South Carolina. Pet. 1, ECF No. 1-1.[1] Petitioner originally submitted the Petition now under review to the United States District Court for the Northern District of Georgia ("the sentencing court") pursuant to 28 U.S.C. § 2241. The sentencing court transferred the Petition to this court on July 23, 2015. ECF No. 2. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and Recommendation ("R&R") on Respondent's Motion to Dismiss, which was filed on October 20, 2015. ECF No. 28. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and of the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 31. On October 30, 2015, Petitioner filed a Response in Opposition to Respondent's motion. ECF No. 36. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion to Dismiss, ECF No. 28, be granted.

I.     Factual and Procedural Background

---

[1] Citations to pages in the Petition are to the numbers at the top of the page as generated by the court's Electronic Court Filing system.

1

On February 3, 2009, a federal grand jury in the Northern District of Georgia indicted petitioner Anthony Sagoes in a one-count indictment alleging that he unlawfully possessed a firearm after previously having been convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Sagoes*, No. 1:09-CR-00049-JEC-GGB-1 (N.D. Ga.), ECF No. 8. Petitioner was convicted on the indicted charge on August 19, 2009 after a two-day jury trial. *Id.*, ECF No. 49. Petitioner was sentenced to a term of imprisonment of 216 months, to be followed by five years of supervised release. *Id.*, ECF No. 54. On July 27, 2010, the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction. *Id.*, ECF No. 68; *United States v. Sagoes*, 389 F. App'x 911 (11th Cir. 2009). The United States Supreme Court denied Petitioner's petition for writ of certiorari on November 29, 2010. *Sagoes v. United States*, 131 S. Ct. 677 (2010).

On April 12, 2011, Petitioner filed a "Motion Under 28 U.S.C. § 2255" in the sentencing court. No. 1:09-CR-00049-JEC-GGB-1, ECF No. 69. In that motion, Petitioner contended that his trial counsel was ineffective by (1) failing to challenge the search warrant that led to the discovery of the firearm that Petitioner was charged with possessing (Grounds One and Two) and failing to effectively cross-examine law enforcement on the support for the search warrant (Ground Six); (2) failing to fully investigate the circumstances of Petitioner's incriminating statements to police (Ground Three); (3) advising Petitioner not to take the witness stand during his suppression hearing (Ground Four); (4) failing to object to the indictment, which listed Petitioner's prior convictions for purposes of establishing that he was a felon at the time he possessed the firearm (Ground Five); (5) failing to properly investigate and cross-examine the law enforcement officer who served as affiant on the search warrant affidavit regarding the officer's "fabricated and nonexistent alleged controlled drugs buys" that served as a basis for

2

probable cause (Ground Six); (6) failing to object at sentencing and on appeal to the sentencing court's reliance on Petitioner's prior drug and burglary convictions as predicate offenses for purposes of establishing Armed Career Criminal status (Grounds Seven, Eight, Ten and Eleven); and (7) failing to require the sentencing court to specify which crimes it was relying on to establish Armed Career Criminal status (Ground Nine). Petitioner also contended that the sentencing court committed constitutional error by (1) failing to dismiss indictment because it listed Petitioner's prior felony convictions (Ground Twelve); (2) failing to specify which prior convictions served as predicate offenses for purposes of establishing Petitioner as an Armed Career Criminal (Ground Thirteen); and (3) refusing to permit defense counsel to admit into evidence impeachment evidence against the affiant on the search warrant issued for Petitioner's residence (Ground Fourteen). The government filed a response. *Id.*, ECF 73. On April 28, 2014, the district court denied the motion. *Id.*, ECF No. 78. On May 5, 2014, Petitioner filed a notice of appeal. *Id.*, ECF No. 80. On April 2, 2015, the Eleventh Circuit dismissed the appeal. *Id.*, ECF No. 89. Petitioner's § 2241 Petition was filed in the sentencing court on July 17, 2015 and was thereafter transferred to this court.

II.     Discussion

    A.  The parties' positions

Here, Petitioner claims that he is entitled to be released from detention because of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Pet. 8. *Johnson* concerned a mandatory-minimum provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922, known as the ACCA's "residual clause," which provided for a 15-year mandatory-minimum sentence for one who violated the ACCA and had three prior convictions for a "violent felony" or a "serious drug offense." The *Johnson* Court held that the

3

provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. *Id.* at 2558. The *Johnson* opinion was issued on June 26, 2015.

Petitioner contends that his ACCA-enhanced sentence violates due process as stated in *Johnson* because it exceeds the statutory maximum for the crime of which he was convicted and greatly exceeds what would have otherwise been his recommended sentence under the sentencing guidelines. Mem. 3, ECF No. 1-1. Petitioner states that the § 2255 remedy is inadequate and ineffective to challenge his sentence and that he filed this § 2241 Petition because "[i]ssue was 'unripe' for Appellate or collateral review." Pet. 5, ECF No. 1. Petitioner asks this court to "[i]ssue an order directing the Warden at FCI Williamsburg to release petitioner from illegal detention." *Id*. at 8. In his Answers to the Court's Special Interrogatories, Petitioner states that he did not seek Eleventh Circuit authorization for a successive § 2255 motion to raise his *Johnson* claim before he filed this § 2241 Petition. ECF No. 13. However, in his Response in Opposition to the Motion to Dismiss, Petitioner states that he "simultaneously filed" a request for authorization with the Eleventh Circuit Court of Appeals. Resp. 1, ECF No 36. Publicly available records from the Eleventh Circuit show that on June 3, 2016, Petitioner was granted permission to file a successive § 2255 motion. *In re Sagoes*, No. 16-12426 (11th Cir. June 3, 2016). Respondent seeks dismissal of the Petition, arguing that the court lacks jurisdiction to consider the § 2241 Petition because Petitioner cannot demonstrate that a motion pursuant to § 2255 would be inadequate or ineffective. Resp't's Mot. 1, ECF No. 28.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). A procedural impediment

to § 2255 relief—such as the statute of limitations or the rule against successive petitions—does not render § 2255 review "inadequate" or "ineffective." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The Fourth Circuit has found that § 2255 is inadequate or ineffective to test the legality of an inmate's conviction when the inmate satisfies a three-part standard by showing that: (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

Respondent argues that Petitioner's claim is subject to dismissal because "Petitioner cannot demonstrate that his 28 U.S.C. § 2255 remedy is 'inadequate or ineffective'. . . ." Resp.'t's Mem. 1, ECF No. 19. Respondent contends that Petitioner cannot satisfy the § 2255 savings clause because "Petitioner's claim fails to meet the *Jones* test," because "the substantive law has not changed such that the conduct of which Petitioner was convicted (felon in possession of a firearm) is deemed not to be criminal now." *Id*. at 4. Respondent contends that Petitioner's *Johnson* claim is based on a new constitutional rule and that it cannot be considered in a § 2241 petition under the savings clause because "neither the Fourth Circuit nor the Supreme Court has ever held that § 2255 is an 'inadequate or ineffective' remedy in which to raise a new constitutional claim." *Id.* at 6. Respondent further notes that Petitioner would have an adequate

5

and effective remedy under 28 U.S.C. § 2255(h)(2) if the *Johnson* case "someday [is] made retroactive explicitly by the Supreme Court. . . ." *Id.*[2]

As previously noted, Petitioner stated in his Petition that the § 2255 remedy was inadequate and ineffective because his *Johnson* claim was "unripe for Appellate or collateral review." ECF No. 1 at 5. Petitioner's brief response to the Motion to Dismiss contains language which seems to agree that he has an adequate remedy or "proper vehicle . . . available to Petitioner [under §] 2255(H)(2)." ECF No. 36 at 2. Nevertheless, Petitioner continues to assert that his sentence violated "due process" and states that his is a "constitutional claim." *Id*. Petitioner urges this court to reject Respondent's Motion and to "grant summary judgment to Petitioner as a matter of law . . . ." *Id*. at 3.

B. Analysis

The undersigned has reviewed the 28 U.S.C. § 2241 Petition and the parties' arguments concerning Respondent's Motion to Dismiss and recommends Respondent's Motion be granted and the Petition dismissed. The undersigned is of the opinion that Petitioner has failed to establish entitlement to use the savings clause, as he has not demonstrated that a § 2255 motion is "inadequate or ineffective to test the legality of [his] detention."

First, Petitioner makes no allegation that the law has changed such that the conduct of which he was convicted—possession of a firearm by a felon—is no longer criminal. In other words, Petitioner fails to state a plausible claim of actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding "actual innocence applies in the context of

---

[2] On April 18, 2016, which was after Respondent filed the Motion now being considered, the United States Supreme Court ruled that the *Johnson* holding may be retroactively applied to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

6

habitual-offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes.").

Also, Petitioner does not argue that his claim of a sentencing error—allegedly rising to the level of denial of due process—could not be considered under § 2255 if properly presented. A § 2241 petition cannot be utilized to circumvent the constraints of § 2255, and, before the sentencing district court has jurisdiction to consider a successive § 2255 motion, a petitioner must obtain an order from the Fourth Circuit authorizing the filing of such motion. Because the undersigned is of the opinion that § 2255 is adequate and effective to test the legality of Petitioner's detention, a request for authorization is the proper avenue by which Petitioner should proceed. *See Barnhart v. Saad*, No. 2:15-CV-99, 2016 WL 347340, at *4 (N.D.W. Va. Jan. 28, 2016) (finding, *inter alia*, § 2241 petitioner had not established entitlement to consideration under savings clause because § 2255 would be adequate for reviewing guidelines sentence pursuant to *Johnson* and noting request to Fourth Circuit for filing a successive § 2255 motion "is the proper avenue by which" the petitioner should proceed); *see also Broadway v. United States*, No. 3:13-CV-00188-MR, 2015 WL 4647867, at *2 (W.D.N.C. Aug. 5, 2015) (finding, *inter alia*, that petitioner had not established entitlement to consideration under savings clause; construing the § 2241 petition seeking review of guidelines sentence pursuant to *Johnson* as a § 2255 motion; and finding court could not review successive § 2255 motion absent Fourth Circuit authorization).

Further, Petitioner's attack on the legality of his federal sentence based on an enhancement that he claims is now void because of a subsequent change in applicable law is precisely the type of challenge that the Fourth Circuit has found must be brought under § 2255 in the sentencing court. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (noting

7

"Fourth Circuit precedent has . . . not extended the reach of the savings clause [28 U.S.C. § 2255(e) ] to those petitioners challenging only their sentence." (citing *In re Jones*, 226 F.3d at 333-34);[3] *Farrow v. Revell*, 541 F. App'x 327, at **1-3 (4th Cir. 2013) (refusing a § 2241 challenge to petitioner's "armed career criminal status" (citing *Poole*, 531 F.3d at 267)); *see, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico); *Riddle v. Mitchell*, No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. Apr. 27, 2010) (finding petitioner's challenge to his career offender status on the grounds that he is actually innocent of a sentencing provision is not properly brought in a § 2241 petition); *Chestnut v. Mitchell*, No. 9:09-03158-RBH, 2010 WL 569577 (D.S.C. Dec. 13, 2010) (dismissing § 2241 petition that asserted a claim of actual innocence of an enhanced sentence, but did not argue actual innocence of the underlying conviction).

Finally, the new rule in *Johnson* on which Petitioner relies is one of constitutional law, not a new rule based on treaty or statutory interpretation, and claims based on new constitutional rules stand on different footing than statutory rules because Congress did not categorically preclude such claims from being raised in a successive § 2255 motion. *See* 28 U.S.C. §

---

[3] This currently binding Fourth Circuit precedent was recently confirmed by a panel of that court one month after the Supreme Court issued its *Johnson* opinion in *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence."), *reh'g en banc granted* (Dec. 2, 2015); *see also id.* at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position."). However, the undersigned is aware that the *Surratt* panel opinion is no longer binding because the case is currently under en banc review. *See* Fed. R. App. P. 35(c) ("Granting of rehearing or rehearing en banc vacates the previous panel judgment and opinion; the rehearing is a review of the judgment or decision from which review is sought and not a review of the judgment of the panel.").

2255(h)(2) (permitting successive motions relying on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *Sustache-Rivera v. United States*, 221 F.3d 8, 16 (1st Cir. 2000) ("The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims. . . . If . . . the [] claim is a constitutional claim, there is less reason to resort to the savings clause, as Congress permits new constitutional rule claims to be made on second or successive petitions provided that the Supreme Court has made the new rule retroactive (and the claim was not previously available)."). Therefore, Petitioner fails to meet the *In re Jones* standard to show that § 2255 is inadequate or ineffective to test the legality of his detention. Accordingly, Petitioner cannot satisfy the §2255(e) savings clause and his § 2241 Petition should be dismissed.

III.     **Important time-sensitive information for Petitioner**

As noted above, the undersigned is of the opinion that, if the sentencing-related issues he raises pursuant to *Johnson* may be appropriately considered, such consideration would be pursuant to a successive § 2255 motion filed in his criminal case, *United States v. Sagoes*, No. 1:09-CR-00049-JEC-GGB-1 (N.D. Ga.). Before such a motion may be filed, however, Petitioner must first seek and obtain permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A). As previously noted, it appears from public record that Petitioner as already received permission from the Eleventh Circuit. However, if he has not yet done so, he should do so as quickly as possible.

The undersigned is taking this somewhat unusual step of making a specific recommendation to Petitioner given the very short amount of time remaining for Petitioner to seek and obtain permission from the Eleventh Circuit pursuant to § 2244(b)(3)(A), and, if

9

granted, submit his claims in a § 2255 motion in *United States v. Sagoes*, No. 1:09-CR-00049-JEC-GGB-1 (N.D. Ga.).

In advising Petitioner to quickly seek this permission from the Eleventh Circuit, the undersigned offers no opinion as to whether he may be successful in seeking relief under *Johnson* or regarding how the district court may rule on this Report and Recommendation. Further, the undersigned offers no opinion as to whether Petitioner may be granted permission to file a successive § 2255 motion, or whether any subsequent motion may be successful.

For cases seeking § 2255 relief based on *Johnson*, it appears that the **one-year** period statute of limitations began on **June 26, 2015,** which is the date the Supreme Court decided *Johnson*. *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (holding the § 2255(f)(3) limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was "made retroactive[ ]").[4]

IV.     Conclusion

For the reasons discussed above, it is recommended that Defendant's Motion to Dismiss, ECF No. 28, be granted and the Petition dismissed.

IT IS SO RECOMMENDED.

*/s/ Kaymani D. West*

June 8, 2016                                                               Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] The undersigned further notes that the government may choose to waive the statute of limitations or Petitioner may be able to establish that § 2255(f)(2)-(4) applies. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) (in which government waived statute of limitations defense when in somewhat similar context).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).